UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GARRETT TREBOR SMALLS,

    Petitioner,

v.                               Case No. 3:19-cv-321-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Garrett Smalls, an inmate of the Florida penal system, initiated this action with the assistance of counsel on March 19, 2019, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1), with a memorandum of law (Memorandum; Doc. 2). In the Petition, Smalls challenges three 2013 state court (Duval County, Florida) judgments of conviction for two counts of attempted robbery with a gun or deadly weapon and one count of carrying a concealed firearm. Smalls asserts two grounds as his basis for seeking relief. See Petition at 4-7.[1] Respondents oppose the

---

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Petition. See Department of Corrections' Response to Petition for Writ of Habeas Corpus (Response; Doc. 14) with exhibits (Resp. Ex.). Smalls filed a brief in reply. See Petitioner's Reply to Response to Petition (Reply; Doc. 15). This case is ripe for review.

## II. Relevant Procedural History

In Case Number 2013-CF-732, the State of Florida (State) charged Smalls with attempted armed robbery. Resp. Ex. 1 at 18. In Case Number 2013-CF-733, the State charged Smalls with carrying a concealed weapon. Resp. Ex. 2 at 13. In Case Number 2013-CF-1134, the State charged Smalls with attempted armed robbery. Resp. Ex. 3 at 11. On February 25, 2013, Smalls entered an open plea of guilty to the charges in all three cases. Resp. Exs. 4; 5. Following a sentencing hearing, the circuit court sentenced Smalls in Case Numbers 2013-CF-732 and 2013-CF-1134 to terms of incarceration of ten years with ten-year minimum mandatory sentences. Resp. Exs. 1 at 21-27; 3 at 14-19. In Case Number 2013-CF-732, the circuit court sentenced Smalls to a five-year term of incarceration. Resp. Ex. 2 at 16-20. The circuit court ordered all the sentences to run concurrently. Resp. Exs. 1 at 21-27; 2 at 16-20; 3 at 14-19. Smalls did not appeal.

On March 22, 2014, with the assistance of counsel, Smalls filed the same motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion) in all three cases. Resp. Ex. 8. In the Rule 3.850

2

Motion, Smalls argued his counsel was deficient for: (1) misadvising him about his eligibility to be sentenced as a youthful offender; (2) failing to investigate; (3) failing to advise Smalls of the option of filing a motion to suppress; and (4) failing to file a motion to suppress. Id. Smalls raised a fifth claim alleging the cumulative effect of counsel's errors prejudiced him. Id. The circuit court denied relief without holding an evidentiary hearing. Resp. Ex. 10. On January 30, 2019, Florida's First District Court of Appeal (First DCA) per curiam affirmed the denial of relief without a written opinion, Resp. Ex. 14, and issued the mandate on February 20, 2019, Resp. Ex. 15.

## III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It

3

follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Smalls's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y,

4

Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98.

The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

> conclusion in the first instance.'"[2] Titlow, 571 U.S. at
> ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S.
> 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

---

[2] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

## B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

8

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not

9

> disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

In Ground One, Smalls alleges that his counsel misadvised him about the possibility of receiving a youthful offender sentence if he entered an open plea. Petition at 4-5. According to Smalls, his counsel "informed [him] that it would be possible to attain a lower prison sentence if the state agreed to extend the Petitioner a plea offer or if the sentencing judge agreed to sentence him as a youthful offender (which would have required the Petitioner to plead guilty and be sentenced before his 21st birthday)." Id. at 5. As a result, Smalls states that he "believed that the highest sentence he would get, as a youthful offender,

was six years," but he ultimately received ten-year sentences in two of his cases. Id.

Smalls raised a similar claim in his Rule 3.850 Motion. Resp. Ex. 8 at 6-7. The circuit court denied relief, explaining in pertinent part:

> Defendant's postconviction allegations are conclusively refuted by the following colloquy during Defendant's plea hearing:
>
> > The Court: Has anyone promised you anything in order to get you to enter these pleas?
> >
> > Defendant: No, ma'am.
> >
> > The Court: Has anyone told you or promised you what I, the Court, would sentence you to on those three separate cases?
> >
> > Defendant: No, ma'am.
> >
> > The Court: Do you understand that as I sit here today, I know nothing about the facts of those cases, nor anything about your background, and I do not know what I would sentence you to today, do you understand that?
> >
> > Defendant: Yes, ma'am.
>
> Furthermore, after the State discussed the maximum penalties Defendant faced in all three cases, this Court asked Defendant, "Do you understand the minimums and maximums that you're facing on each charge," to which Defendant responded affirmatively. This line of

11

> questioning explicitly contradicts Defendant's allegation that counsel misadvised him regarding the potential penalties to which he was subjected to by entering an open plea.
>
> Defendant cannot now seek to go behind his sworn testimony at his plea hearing by making contradictory allegations in a postconviction motion. [Stano v. State, 520 So. 2d 278, 280 (Fla. 1988)]; Bir v. State, 493 So. 2d 55, 56 (Fla. 1st DCA 1986). Such contradictory allegations will not be considered by this Court. [Johnson v. State, 22 So. 3d 840, 844 (Fla. 1st DCA 2009); Iacono v. State, 930 So. 2d 829, 831 (Fla. 4th DCA 2006)]. Accordingly, because this claim is conclusively refuted by the record, it is denied.

Resp. Ex. 10 (record citations omitted). The First DCA per curiam affirmed the denial of relief without a written opinion. Resp. Exs. 14; 15.

To the extent that the First DCA decided the claim on the merits,[3] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence

---

[3] Throughout this Order, in looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

presented in the state court proceedings. Thus, Smalls is not entitled to relief on the basis of this claim.

"A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case," and "[w]hat is said and done at a plea conference carries consequences." Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007). A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also Kelley v. State, 109 So. 3d 811, 812-13 (Fla. 1st DCA 2013) (holding a court may deny postconviction relief on claims that are refuted by sworn representations the defendant made to the trial court). Indeed, "[a] defendant is bound by his sworn answers during a plea colloquy and cannot later disavow those answers by asserting that he lied during the colloquy at counsel's direction." Alfred v. State, 71 So. 3d 138, 139 (Fla. 4th DCA 2011).

The record reflects that during the plea colloquy, Smalls stated, under oath, that no one promised him what sentence the circuit court would impose. Resp. Ex. 5 at 7-8. Thereafter, the circuit court directed the State to advise Smalls of the maximum and minimum sentences he faced. Id. at 8-9. Notably, the State never mentioned the possibility of a youthful offender sentence and specifically stated that in Case Numbers 2013-CF-732 and 2013-CF-1134 Smalls faced a minimum sentence of ten years in prison. Id. Smalls stated that

13

he understood the sentencing ranges in each case. Id. at 9-10. Additionally, Smalls affirmed that his counsel answered all of his questions to his satisfaction and that he was satisfied with counsel's performance. Id. at 11-12. According to Smalls, there was nothing his counsel did or failed to do that would have required additional time for him to consider before entering his plea. Id. at 12.

Based on this record, Smalls's sworn representations to the circuit court refute his current allegations. Smalls specifically stated no one promised him any specific sentence if he entered an open plea. Additionally, even if counsel did promise him such, any prejudice was cured by the recitation of the minimum and maximum sentences and the circuit court's warning that it could sentence Smalls anywhere between those ranges. To the extent Smalls argues that his answers during the plea colloquy should not control, the Court disagrees. Smalls cannot disavow his answers by suggesting he lied under oath. See Alfred, 71 So. 3d at 139. Accordingly, Smalls's solemn declarations refute this claim and any possible prejudice was cured during the plea colloquy. Relief on the claim in Ground One is due to be denied.

### B. Ground Two

In Ground Two, Smalls asserts that his counsel failed to investigate the facts of his case and file a motion to suppress evidence and his statements. Petition at 6-7. According to Smalls, officers did not have reasonable suspicion

14

to conduct a traffic stop. Id. Smalls maintains that officers justified the stop because they observed several pieces of masking tape covering the vehicle's license plate. Memorandum at 15. However, Smalls asserts that he told his counsel there was no masking tape on the license plate. Id. As such, he argues the stop was illegal and the evidence obtained and statements he made during the stop should have been suppressed. Memorandum at 15; Petition at 7. Additionally, as to the second confession Smalls made during the stop, he contends such statement was unlawfully obtained because he made the statement prior to officers reading him the Miranda warnings. Petition at 7.

In his Rule 3.850 Motion, Smalls raised substantially similar arguments. Resp. Ex. 8 at 7-15. The circuit court denied relief by adopting the State's response. Resp. Ex. 10 at 5-6. The State's response contended that the officers had reasonable suspicion to conduct a traffic stop because the license plate was obscured, and Smalls was not wearing a seatbelt. Resp. Ex. 9 at 9-10. The First DCA per curiam affirmed the denial of relief without a written opinion. Resp. Exs. 14; 15.

To the extent that the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve

15

an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Smalls is not entitled to relief on the basis of this claim.

By entering a guilty plea, a defendant waives any right to have his or her counsel investigate or put forward a defense. Smith v. State, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010) (citing Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006)). Similarly, "[w]here a defendant enters a plea and swears that he is satisfied with his counsel's advice, he may not later attack counsel's effectiveness for failure to investigate or defend the charge." Id. Smalls entered a guilty plea and, as previously mentioned, swore that he was satisfied with counsel's performance. Accordingly, Smalls waived his right to have his counsel investigate the case further and is estopped from arguing his counsel's effectiveness for failing to investigate or put forward a defense. See id.

Moreover, in federal habeas proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 28 U.S.C.A. § 2254(e)(1). The circuit court found that officers had a valid reason to conduct a traffic stop because Smalls's license plate was obscured. The arrest and booking reports support this finding. Resp. Exs. 1 at 5; 2 at 5. Smalls has provided no evidence, let alone clear and

16

convincing evidence, to overcome the presumption of correctness of the circuit court's findings. Therefore, as law enforcement had reasonable suspicion to conduct a traffic stop, there would have been no basis on which to file a motion to suppress. Counsel cannot be ineffective for failing to raise meritless issues. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005) (holding counsel cannot be ineffective for failing to raise a meritless argument); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) (noting that "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). As such, relief on the claim in Ground Two is due to be denied.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Smalls seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Smalls "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell,

537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Smalls appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:    Garrett Smalls #J49675
      Counsel of record